UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------

KEMAR THOMPSON,

        Petitioner,      **MEMORANDUM & ORDER**
                    16-CV-02198 (MKB) (LB)
   v.

R. KIRK PATRICK,

        Respondent.

------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

  Petitioner Kemar Thompson, proceeding *pro se* and currently incarcerated at Auburn Correctional Facility in Auburn, New York, filed a petition for a writ of habeas corpus on May 5, 2016 pursuant to 28 U.S.C. § 2254, challenging his criminal conviction entered on October 5, 2011 in the New York State Supreme Court, Kings County. (Pet., Docket Entry No. 1.) Petitioner alleges that (1) the prosecutor's comments during summation at his trial deprived him of his due process right to a fair trial, and (2) the state court judge imposed an excessive sentence. (*Id.* at 6, 7.)[1] On February 26, 2018, the Court referred this case to Magistrate Judge Lois Bloom for a report and recommendation. (Order dated Feb. 26, 2018.) Currently before the Court is a report and recommendation from Judge Bloom recommending that the Court deny the petition (the "R&R"). (R&R, Docket Entry No. 8.) For the reasons set forth below, the Court adopts the R&R and dismisses the petition.

---

[1] Because the petition is not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") System.

## I. Report and recommendation

Judge Bloom recommended that the Court deny the petition, finding that Petitioner's challenge to the prosecutor's summation is procedurally barred, and, in any event, meritless, and that the challenge to his sentence is not cognizable on federal habeas review. (*See generally id.*)

### a. Petitioner's challenge to the prosecutor's comments during summation

Petitioner alleges that the prosecutor's comments during summation deprived him of his due process right to a fair trial because the comments (1) evoked sympathy for the victims and antagonism toward Petitioner; (2) criticized Petitioner's exercise of his constitutional rights; and (3) implied that the jury would have to find that one of the witnesses was lying in order to find Petitioner not guilty. (Pet. 6.)

Judge Bloom found that the "independent and adequate" state law grounds doctrine bars federal habeas review of Petitioner's prosecutorial misconduct claim. (R&R 7.) Judge Bloom explained that "[f]ederal habeas review is foreclosed when the state court expressly relied on the petitioner's procedural default at trial as an independent and adequate state law ground," and that the Appellate Division found that Petitioner's prosecutorial misconduct claim was unpreserved for appellate review because no contemporaneous objection was made to the prosecutor's comments during summation. (*Id.* at 7–8 (citing *Green v. Travis*, 414 F.3d 288, 294 (2d Cir. 2005); *Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir. 1990).) Judge Bloom concluded that the contemporaneous objection rule is an independent and adequate state law ground that serves as a procedural bar to federal habeas review. (*Id.* at 8–9.)

Judge Bloom explained that, although a petitioner may obtain federal habeas review of a procedurally defaulted claim if the petitioner demonstrates (1) cause for the default and prejudice; or (2) that failure to consider the claim will result in a miscarriage of justice, Petitioner

has not done so in this case. (*Id*. at 9 (quoting *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001)).)

In addition, Judge Bloom found that even assuming that Petitioner had raised ineffective assistance of counsel as the "cause" for the procedural default, Petitioner's prosecutorial misconduct claim should nevertheless be denied because the Appellate Division's decision denying this claim was not contrary to, or an unreasonable application of, clearly established federal law. (*Id.* at 10–13.) The Appellate Division found that Petitioner's prosecutorial misconduct claim was meritless because the prosecutor's comments during summation "did not exceed the broad bounds of rhetorical comment permissible in closing argument" and "were not so flagrant as to deprive [P]etitioner of a fair trial." (*Id.* at 10 (quoting *People v. Thompson*, 1 N.Y.S.3d 833, 834 (App. Div. 2015)).) Judge Bloom agreed that the prosecutor's comments at summation did not "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." (*Id.* at 11 (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)).) Judge Bloom found that the prosecutor's comments about the victims "did not misstate any evidence, but provided a legitimate account of how one might view the evidence presented." (*Id.* at 12 (citing *Hussain v. Woods*, No. 08-CV-2375, 2011 WL 1486555, at *16 (E.D.N.Y. Apr. 19, 2011)).) In addition, Judge Bloom explained that "defense counsel's summation asserted that each of the victims were either lying or mistaken," and that the prosecutor was therefore "merely responding to attacks on these witnesses' credibility." (*Id.* at 12 (citing *Darden*, 477 U.S. at 182).) Finally, Judge Bloom concluded that any prejudice resulting from the prosecutor's comments during summation was addressed by the trial court's curative instructions both at the time of the comment and during the court's instructions. (*Id.* (citing *Wright v. Rivera*, No. 06-

CV-1725, 2008 WL 4223723, at *14 (E.D.N.Y. Sept. 10, 2008)).) Accordingly, Judge Bloom recommended that the Court deny Petitioner's prosecutorial misconduct claim. (*Id.* at 13.)

### b. Petitioner's challenge to the sentence imposed by the state court judge

The state court judge sentenced Petitioner to three consecutive terms of imprisonment of ten, ten, and fifteen years for three counts of Robbery in the First Degree, for a total of thirty-five years. (*Id.*) The state court judge also sentenced Petitioner to fifteen years for Criminal Possession of a Weapon in the Second Degree to run concurrently with the thirty-five year sentence. (*Id.*)

Judge Bloom found that Petitioner's sentence was within the range prescribed by state law, and that Petitioner's excessive sentence claim was therefore not cognizable on federal habeas review. (*Id.* at 13–14.) In support of her conclusion, Judge Bloom explained that the state prescribes a minimum sentence of five years and a maximum sentence of twenty-five years for Robbery in the First Degree. (*Id.* at 13 (citing N.Y. Penal Law §§ 70.02(1)(a); 70.02(3)(a)).) "[W]hen multiple sentences of imprisonment are imposed on a person at the same time," a court may impose these sentences to run consecutively. (*Id.* at 13 (first quoting N.Y. Penal Law § 70.25(1); and then citing *Cruz v. Raymond*, No. 10-CV-1492, 2013 WL 5530641, at *7 (E.D.N.Y. Sept. 30, 2013)).)

## II. Review and adoption of report and recommendation

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to

4

object.'" *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (citations omitted)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the Court denies Petitioner's petition.

Dated: May 21, 2019
       Brooklyn, New York

                                    SO ORDERED:

                                          s/ MKB
                                    MARGO K. BRODIE
                                    United States District Judge